Mr. Rubin presenting argument today on behalf of my client Greg Lindberg and Mr. Brown's client John Gray. I'd like to start with the erroneous jury instruction on the honest services fraud count. Your honors, there's no way around it. The district court directed a verdict on the official act element by deciding that reassignment is not an official act. In fact, the government begged the court not to do it. And yet at pages 1880 and 81 of the joint erroneous jury instruction, he laid out on 1880, the elements of an official act from the Supreme Court's unanimous decision in McDonald. But in the next sentence, he says, quote, in this case, the charge is that the question or matter is the removal and replacement of the senior deputy commissioner and quote, you're hereby instructed that the removal or replacement of a senior deputy commissioner by the commissioner would constitute an official act. The judge applied the law to the historic facts and told the jury the outcome. And that is inconsistent with Gaudine from the Supreme Court, it violates Fifth and Sixth Amendment rights. And in fact, you can actually look at the McDonald decision itself on this exact statute. Because the court said there that the jury must find the elements of honest services fraud, but it was not the instruction in isolation. The court forbade the defense from arguing the official act element to the jury, forbade the defense from presenting evidence that reassignment was not an official act. That is quintessential serious prejudice. And that directed verdict has broad implications beyond this case, including for street crimes as well. If the judge is to take elements out of the hand of the jury and say that those elements have been met. Your honors, the court denied our motion for new trial and judgment of acquittal and said on this issue the official act, the removal, excuse me, the removal constitutes an official act as a matter of law and was obliged to instruct the jury the same. That's reversible error. But that error also infected count two, which is the 666 federal funds bribery statute. Even before we get to the issue of whether there's an official act element, that instructional error in count one infected count two in the following way. It was the top of page 1881 where the judge directed the verdict with regard to honest services fraud and said, in this case, you're hereby instructed it's an official act. The very next paragraph, the judge says he discusses the elements of bribery for this case. And of course, 666, the other count is a bribery statute. And he uses the term official act twice. Then in the next count, he's charging on both counts one and two, not just count one. He's charging on counts one and two and says that the quid pro quo was campaign contributions in exchange for removal and replacement. But just on the top of that page, he had said, you're hereby instructed that removal and replacement constitutes an official act. He does it again on pages 1882 and 87. On 1882, he talks to the jury about what constitutes a federal crime in the case and says that the government must prove campaign contributions were offered in exchange for quote, a specific official act by the commissioner. And then finally on 1887, he is only charging on count two there and he uses official act as part of that charge. He says, quote, it is not a defense to the crime of bribery that the offer or promise of anything of value was made to the public official to constitute quote an official act. Your honors, the judge took the quo in this case out of the hands of the jury on both counts one and count two. So if you are to conclude that there was reversible error on count one, because the judge rather than jury, the jury decided the official act element and you look at pages 1881, 82 and 87, you will find that that official act direction ended up infecting count two. Your honors, my second point regards count two itself, the federal funds bribery statute 666 and our argument that it was reversible error for the district court not to include that limiting instruction to preserve the constitutionality of the statute. Your honors, a unanimous court in McDonnell said that to save the honest services fraud statute and 201, the federal general federal bribery statute and the Hobbs Act for that matter, a limiting instruction had to be used. McDonnell would be a dead letter if this court does not apply the same limiting instruction to 666. When you read McDonnell decision, the Supreme Court that vacated Governor McDonnell's conviction under honest services fraud would not have affirmed his conviction had he been charged under 666. The same constitutional infirmities apply to this other bribery statute. Now in its brief the government argues that 666 is a more expansive statute than McDonnell. Yet somehow for the government, 666 doesn't raise any of the same constitutional concerns, but logically the opposite should be true. If it's a more expansive statute and a unanimous Supreme Court said that we have constitutional concerns with honest services fraud unless we read an official act into it, then we would have the same constitutional concerns here. The McDonnell court stated when it looked at federal bribery statutes 201 and honest services fraud, and this is the words of the court, a statute in this field that can be linguistically interpreted as a meat ax or a scalpel has to be interpreted as a scalpel. Your honor, 666 is in the same field. It's a bribery statute. In fact, this court in 666 was a supplement to 201, which has the words official act into it. It's closely related. With respect to the constitutional concerns, the government's interpretation and what the district court did below does not comport with due process. The government's legal interpretation isn't just confined to this case involving campaign contributions for large sums, and the McDonnell court itself acknowledged that we have to look at these bribery statutes and consider them not just for cases involving large dollars. Take, for example, a situation where a state constituent goes to a fundraiser for a state official and says, I'll write you a campaign contribution for $5,000 right now. If you reassign a subordinate in the business, she's lazy. She stops answering the phone after 2 p.m., even though the office is open until 5 p.m. It's really hurting me. You need to make that change. Well, that $5,000 contribution is legal in four of the five states in the Fourth Circuit that allow contributions of at least $5,000 for campaigns, and yet under the government's theory, asking for that reassignment, if it were to be done, that's an action being taken by an official in the scope of the official's authority. That can't be squared with McDonnell. It lands us in the vagueness shoal that a unanimous court said was unacceptable, requiring a limiting instruction. Moreover, the court said you can't rely on prosecutorial discretion. When we're talking about vagueness concerns and we are here on a First Amendment case because campaign contributions were the quid, you can't leave it to the prosecutors to determine what is an appropriate time and what's an inappropriate time to use this statute. Your Honors, I would argue that the limiting instruction here that we're requesting on 666 is more necessary than in the McDonnell case. Let me ask you this. There's currently a pending Supreme Court, United States v. Robeson, where there was a court decline to read 201 Official Act Requirement into Section 666. We obviously don't know what the answer to that question is going to be, but it has a direct impact on this case. As to your case, if we decide this case now, before Robeson comes out, that I take it you want the Official Act language to be transferred to 666? We think it's required as a limiting instruction consistent with McDonnell and this court's decision in Jennings, yes. My second question is, then you would be satisfied that if the McDonnell limiting instruction was given in the 666 case, we don't need to read the Official Act? If the McDonnell limiting instruction is given in 666, it would mean that Official Act is an element of 666 and the district court would have been required to instruct the jury on the three-part test from McDonnell and they, the jury, would need to find, not the court, that those elements were satisfied. Where in the text of 666 is that Official Act language? It is not in the text, nor is it in the text of the Honest Services Fraud Statute or the Hobbs Act, two statutes where the Supreme Court unanimously said in McDonnell, you have to add that language in to preserve the constitutionality. I want to answer your question. I believe you were talking about Robeson and it is pending on a cert petition, certiorari has not been granted. It is great to look at Robeson in contrast to this case. Robeson is an instance out of the 11th Circuit where it was a cash bribe for introducing and voting on legislation. That is an absolute core Official Act and so while we disagree with the 11th Circuit, where they said an Official Act element doesn't have to be grafted on, it is important to note the 11th Circuit said, quote, the Official Let me just clarify. They said that the introduction and voting of legislation is, quote, undeniably an Official Act. So while they didn't end up applying Official Act as a limiting instruction, it was tantamount to that. Your Honors, I will point out, this is the first case since McDonnell in a 666 case where a defendant who gave a campaign contribution has asked for the Official Act limiting instruction from McDonnell. I know that the government cites other cases like Robeson, like Ng from the 2nd Circuit. Those cases did not involve campaign contributions. They involved awarding of contracts or introducing legislation or in the 8th Circuit there was a case where it was a bribe for increasing Medicaid reimbursement and in Ng in the 2nd Circuit, that didn't even involve a government official. That involved a U.N. official. So the concerns about federalism and representative government were not formally in front of the court. Your Honors, a quick point with respect to federalism. The government's interpretation turns federalism on its head because what it would mean is we have a more exacting standard with respect to 201 bribery, federal bribery regarding federal officials. It would be more exacting than a federal criminal statute, 666, applicable to state officials. But the McDonnell court said in the unanimous opinion that we are not in the business of setting standards of good government for state officials. We are not asking this court to bless the conduct by the defendants. Nor was the McDonnell court blessing conduct. They called that conduct distasteful, but they said their concern was ensuring that the statute could be applied constitutional. Your Honors, my third and final point respects sufficiency of the evidence. If official act. Your Honors, can I clarify, is this my rebuttal time or my 16 minutes? No, this is your 16 minutes. Thank you. On sufficiency of the evidence, there is no dispute that the quo in this case is just the reassignment. That's what was charged in the indictment. It's how the jury was instructed and it's how on page one of their brief, the government framed the issue for this court. There are two reasons why not merely you need to vacate and remand so that the jury can decide these elements on without seeking an outcome on a specific matter is not an official act under McDonald to two of the elements to focus on. First reassigning oversight is not a matter similar in nature to a lawsuit, an agency determination, or a committee hearing required in McDonald. It has to be of the same stripe to use their words as one of those. This isn't an instance where the I think even more importantly, the reassignment wasn't a decision or an action on a specific and focused matter relating to Mr. Lindsberg's business. Not only McDonald, but some diamond make clear that it's not enough that the action that the government official takes is related to a question or matter. Something more is required to use their words and you have to an action on that question or matter. The government redefines the official act test on pages 37 and 45 of their brief and their analysis of it and the elements are tantamount to simply saying that any act by an official in their official capacity satisfies the test. That's not right. And if you look at the evidence, Ms. Walker is the person that the two defendants wanted in the position of oversight. She testified that there was no ask for her to reach any outcome on any matter. She testified she didn't know the defendants. She never met Mr. Lindsberg. She might have met Mr. Gray once at an unrelated meeting. She never emailed with them, texted with them, spoke with them. When asked if there was a side deal with her, she says, quote, absolutely not at page 1404 of the joint appendix. There's no evidence that the government presented that commissioner pressured her or gave her advice on how to reach out and make a decision on any outcome. And I pick those words, pressure or advice, because the McDonnell court says referring a constituent to another official is not enough. And here, the government doesn't have any outcome. They speak in terms of the affiliated investment threshold. Commissioner Causey testified that that had been resolved in a memorandum of understanding, and there was no campaign contributions in exchange. And at the very least, this is a jury question that has to decide the official act element on both counts. I'll reserve the rest of my time if there are no questions. Thank you, Mr. Rubin. Thank you. Ms. Ray. Please, the court. Excuse me, Amy Ray for the United States. Your honors, the district court properly instructed the jury, and even on both elements, both on both counts, bribery in terms of honest services, fraud, and also in terms of bribery. But in addition to that, the evidence is very clear that the transfer of, or I should say, the law is very clear, that the transfer of regulatory authority from one regulator to another constitutes an official act. So under any assessment of whether or not the district court properly instructed the jury, any error would be harmless. Now, turning first to the sufficiency of the evidence, there was more than enough evidence that the defendant in this case, the quid pro quo was not asking Debbie Walker to do a particular, take a particular step in during the regulation. It was to get Commissioner Causey to change the regulator. And just as the Second Circuit recently held in Wrightburg, moving a government employee, promoting them, shifting them, that is an official act. That's a quintessential official act. So it is within the province of the decision maker, Commissioner Causey, it relates to a government function, and it's a discreet act, one that we can tell whether it happened or not. So discreet that Mr. Lindbergh pressed Causey over and over again, when's it going to get done? When's it going to get done? What he wanted done was to have a different regulator over his and decide that fact. I did. I'm sorry. I don't think the jury should have a role in deciding that fact. The jury does have a role. The judge took it away from him in the first aspect and the honest services didn't said you erected to say this is an official act. Did it not? The judge did tell the jury that the removal of a senior deputy commissioner by the commissioner was an official act. Absolutely. And the government at the time disagreed with that We did. And on appeal, the assessment was, is this defensible? Can we, is this defensible or should we simply concede error? I'm not taking issue with you being here now, something different. I understand that. But I'm just saying that the present sense as a very esteemed and experienced lawyer, that it was wrong. We asked the court not to do that because we knew that we had ample facts to support the jury's what we felt very confident that the jury would find an official act. We didn't need the judge to go that far. So we have to look at that in my view, in the context of what that told the jury and it's Mr. Rubin August. And when it goes to the second count, so the question, whether or not official act is even required, but assuming that it is or isn't either way that they blend together and said, well, the only official act that you alleged in this case was, as you said, transferring or moving authority of one person to another. So if that was directed to be an official act or wrong, not official act required in the second, but a wrong, wouldn't that be conclusive to the jury on that part? I would say this, your honor, if this court were to hold that it takes away the province of the jury to find official act, okay, that's one element out of seven that the jury was instructed it had to find in order to find the defendant guilty of honest services fraud. So that would be amenable to harmless error review. It's not a situation where the court directed the verdict on all of the elements. Why isn't this element structural and therefore harmless error wouldn't protect you? Sure, your honor. Judge Floyd, it's not structural because as this court held in Laverne, if the district court errs in instructing the jury on one element, not all of them, that is not structural error. And the Supreme Court's recent decision in Greer makes that very clear. The Supreme Court's decision says structural error is something that affects the prosecution sort of from start to end. The jury wasn't given the appropriate reasonable doubt standard, so it couldn't find the judgment on all the elements. There was no lawyer for the defendant. It's an error that infects the entire proceedings. Misinstructing the jury on one element is the same as not instructing the jury on an element. Supreme Court held in Nader that that is not structural error. That is amenable to a element than in not instructing the jury and requiring it. Either way, the jury has not found that element. So Nader governs. Greer governs. Laverne governs. And the only time this court has held that there was structural error that I'm aware of in a similar context was in Ramirez-Castillo when Judge Thacker authored the opinion and held that where the jury was never asked to find the legal conclusion, that's structural error because that's directing the verdict on all of the elements. Here, the jury still had to find that there was a conspiracy. Yes, Judge Traxler. As your opponent pointed out, regardless of how you view the standard of review for what the judge did charging the jury, there's more than that in this case in that the judge how would you put those two problems together and tell me again why we would apply harmless error to the situation? Sure. Absolutely, Judge Traxler. So the judge did not prevent the defendants from presenting evidence. If you look at page 1564 of the appendix, the judge actually allowed them to make an offer of proof on this issue. And even said after they did that, they had a gentleman called Mr. Louis Bailo testify, basically testified that, look, you can move employees with an email, you can do it with a conversation, that reassigning a file is not something that requires a lot of formality, right? So Mr. Bailo testified to that and the judge said you can present that. Now, what I will concede is the judge did not allow them to argue that it was not an again, goes back to the harmless error standard, because if there was no legitimate way, if the judge, if the government's evidence, pardon me, of official act was overwhelming, and it was, then it would not matter if the judge had allowed them to argue. It doesn't affect their case because they simply weren't allowed, even if they were excluded, they weren't allowed to put evidence on a point that essentially is uncontroverted, the evidence is overwhelming. These defendants were able to present their case, their closing argument, they challenged Mr. Causey's credibility, they challenged, they had a big press on entrapment. Yes, your honor. Is your argument that if the evidence is overwhelming, the jury doesn't need to decide that element? My argument, your honor, is that where a judge takes that from the jury, the Supreme Court has made clear that it is amenable to harmless error, so this court then has to ask, can we say, based on the evidence presented. I'm presuming you're relying on Nieder for that statement, but that's, Nieder's a completely different situation where there was no instruction at all. This is a situation where the judge will not let them consider it. He tells them what the answer is. He makes a factual finding for them. Either way, I'm sorry, your honor, either way, the court takes that question from the jury, right? If it's not offered, if it's not asked, go ahead, your honor, by video, I'm trying to figure out if I'm interrupting you. No, it's more important that I hear you. Go ahead. Thank you. So let me say this, either way, whether you don't instruct a jury or whether you erroneously instruct a jury on an element, right, the jury hasn't been able to make that finding. It's the same effect, and this court's decision in Laverne says as much. In Laverne, the district court instructed the jury that it had to find that the defendant had been, that the defendant had impeded an official during an official sort of, acting under a color of official right, right? And the court made, told the jury, you have to find this. And this court applied harmless error review in that context, relying on Nader, because either way, the jury doesn't get a chance to say it. So then the question is, does that affect the entire judgment? Is that such an error that we can't apply harmless error review? And no, it's not, particularly in a case like this, where the jury had to find six other elements. It didn't infect the entire case. It infected one. If it did infect anything, it infected one element. So this court's duty after that, under Nader and Laverne, is to say, based on the evidence presented, can we say, beyond reasonable doubt, that the jury would have found that Mr. Lindbergh and Mr. Gray offered money in exchange for an official act? That comes down to, is the reassignment of a regulator, is saying, I want a different person regulating my insurance companies, is that an official act? And did the government present overwhelming evidence of that fact, and we would submit, absolutely. No jury could have found, based on the evidence that we presented, and the law, as they were instructed under McDonald. Remember, they were still instructed as to each element under McDonald. And I would suggest that you can't hold under McDonald that this conduct was not an official act. Well, that's the problem, counsel. For example, making a personnel decision could be simple as, for example, the person is out on sick leave for three weeks. Okay, Bill or Sally, will you take over for Jane while she's gone? So you're saying, oh, that's an official act because another person is performing their duty. A juror may have a different view of that. I may have a different view of it. But that's why people ask for jurors and not the judge. And the judge instead, not being critical, but it's just a fact of it, said, listen, when it comes to this, this is clear. This is an official act, and you can't argue anything. And as a proffer, that's even worse. You said, okay, you can argue those things, you can put that in about those things that could be done via email and that, but you can't tell the juror that this, what they did, does not constitute. Then that's the whole point of supplement summation. Any lawyer will know it, and you know that. Talking to the juror to be persuasive, they're telling, you can't be persuasive because I'm not going to allow you to be persuasive on this because I've told them what it is. And this issue, why you keep saying that it's one, this is the sine qua non of this case. It's all about whether you wanted to remove this person. So it's hard to say this is the 800-pound primate in the room. You may have six others, but for this case, this is the sine qua non of this case. That is whether or not removing this person for money constituted both the honest services aspect and the bribery. Your Honor, with all due respect, we did have to show that these defendants wanted to remove this senior deputy, Mr. Pusek, right? Yes, that was the issue. Did it happen? Not with this statute. The issue of this statute really is for jurisdictional point of 666 and the honest services is whether or not you have the tentacles that connect the official act or this thing. I mean, it was pretty clear that they wanted it. I mean, that was the easy part. The tough part is, does it make any difference removing a person from a job when that's a personnel matter? Is that official act? And you say it's clear, but I'm not sure that's a clear question. The McGowan case, it wasn't clear whether or not you could do these things that he was alleged to have done. Supreme Court made it clear. No, it has to be tied because otherwise it's too broad and it's vague. And I still think there's a question. I know you're counsel for the government. I appreciate that, but I don't think it's absolutely clear that removing somebody from a personnel position is official act. And you do, but I'm not sure it's clear. I would suggest there was a lot in that. I know. I'm just going to start thinking about which part I want to respond to. Go ahead. I want to make clear that one of the important issues and one of the things the jury actually had to find, in fact I would say it was the most important, was whether or not Lindbergh and Gray offered money in exchange to have Mr. Causey remove Ms. Obusek, regardless of whether it was an official act. The real question was, did he do it? Did they do it? Did they intend that? Was the intent there? Was there an intent to defraud, et cetera? And they defended vigorously on that question. Now, in terms of 666, and let me just, one other point on that, on the honest services. I would note that numerous courts have held that variance constitutes as a matter of law, official acts, right? And that includes the Supreme Court, which says, yeah, you know, if you actually had to choose whether or not to do a research study, that's an official act. And the Second Circuit says promoting or assigning, reassigning an official act. They say that is a matter of law. All of, numerous circuits have held that. So I don't think this court is going out on a limb in saying that we proved, based on the evidence about how important Obusek was. He was, they were willing to pay two million dollars to move her. That shows that they believed that that movement was going to be important to their companies, because it was about the dollar. Now, turning to 666, because I only have a few minutes left, the question is, do the text, the purpose, the structure, and the history of 666 suggest that official act is required? Now, one thing to know about McDonnell, and remember about McDonnell, the parties in McDonnell agreed that the official act was, that they were bound by official act as defined in 201. The Supreme Court did not hold that. The parties agreed that they could only be convicted, and the government and the defendants, if the government proved an official act for purposes of honor services wire fraud. All right, that is not an issue in 666, because 666 is a different statute. It's more specific in some ways. It tells us what the defendant has to have bought, and what it has to have, what the defendant has to have bought is an action by an official. It does not say official act. It doesn't need to. There's nothing in the language that says that, and the Supreme Court did not hold in McDonnell that honest services fraud requires an official act, because the parties agreed to that fact. Here's why vagueness is not a problem in 666. Vagueness is not a problem, because 666 is more specific. It says if you pay money, and you do it, and by the way, there are federal funds on the table, right? 666 has the requirement that state or local government, or whatever agency it is, has to receive at least $10,000 from the federal government, and the bribe has to involve at least $5,000. So right there, we have limitations that do not exist in honest services wire fraud, and it is also, so it's a broader statute. Bribes them to do what, though? Any act. Any act. Any act by official, but let's remember there is an intent requirement. The defendant suggests this parade of horribles, that if I go and give my, you know, congressman $500, and then I thank him for not hiring, for firing a racist regulator, that somehow I've gotten myself into trouble under 666. That's not true. We have to show that there is an intent. When I give that $500, that I say, and I intend, I'm only giving it to you if you do this, or because you did that, right? So there is a requirement. There has to be, the bribe has to be tied to an action, but at Sixth Circuit Courts of Appeals have held, after McDonnell, that 666 does not require an official act. Every one of them has been asked, please tell us that you're going to apply McDonnell to 666. All six circuits have said no. So this circuit would be going out on its own, which I admire courage. A bigger problem, even if it's not required to have an official act on the 666, the judge told them that that act, the only act that you're furthering in the prosecution, is the type act that accomplishes that. It couldn't matter under 666, because as long as it was an official, and they don't dispute that Commissioner Causey was an official, they don't dispute that, as long as they were paying him to do an act. Any act. Any act within the scope of his, yeah, it doesn't have to be an official. Your Honor, if they are paying him as an official to do an act within the scope of his authority, that is all 666 requires, and Sixth Circuit Courts of Appeals have so held. And even though Mr. Rubin suggests, oh, well, that really doesn't, they really didn't hold that, because in none of those cases was official act really an issue. For example, if they said, well, you know, Governor, I went by the mansion and I looked at your shrubbery, you know, I would really give you some money if you would just fire your garden and get a different one. That would be official act, because he has the authority to change gardeners, right? It's some conduct, it is some conduct that if you pay an official and you get money from the federal government and you pay an official money to do any particular act, that is cognizable under 666. And that is what every I'm not going out on a limb here. This is what every circuit court has held. Circuits may have, but the Supreme Court of McDonald's has certainly suggested that's the limb that's too far in terms of vagueness and saving the constitutionality of the statute. But go ahead, I understand your argument. Go ahead. Well, I want to respond to that. McDonald's did not say that. It said it as, and I see my time is up. McDonald's said that as to section 201, which is a different statute, which both parties applied in McDonald's. That's critical. No party has agreed that 201 applies in 666 and it wouldn't because 666 was designed to expand upon 201. It came after and it was designed to broaden the basis of liability where there were federal dollars on the table. So it is not required. Even if it is required, I would suggest that we presented more than enough evidence for this court to be able to say beyond a reasonable doubt that the conduct of moving one regulator and getting rid of one regulator in favor of another for which Mr. Lindbergh was willing to pay millions of dollars constitutes an official act. Thank you. We respectfully request that the court affirm the judgment of the district court. Mr. Rubin, you have some time to reserve. Thank you, Your Honor. A few points. I'll start with the government's argument that this isn't harmless error, but I'll be brief. This is not either Nader or Greer. Both of those were instances where there was an omission of an element. Here, the judge directed the element. Here, it was highly contested. This is not Laverne. Laverne applied harmless error analysis where neither party disputed its application and there was no briefing on the harmless error standard. Rose v. Clark was affirmed in Nader in a footnote. Nader says we are not doing anything to disturb our decision in Rose v. Clark that says directing a verdict against the defendant is unconstitutional. Ms. Ray mentions the Bellow testimony on 1563 of the joint appendix. The judge says, yes, that evidence can come in about the informality, but here's the quote. Most of this evidence can come into evidence in front of the jury as part of something if you're trying as part of your defense if you're talking about your entrapment defense or any other part of your defense. And on the next page, he says, if anybody tries to argue on official act, I'm not going to let you do it and I'm going to tell the jury it is an official act. That's at 1564. The second point, it's not just the error on count one. Five times the judge uses official act when talking about the bribery count 666. No jury would reasonably think there was any quo for them to analyze if the judge had just directed a verdict on official act. So vacature is needed in a new trial on both. My third point, your honor, is I ask you to go to the Jennings decision. Judge Michael, 1998 for a unanimous panel. He says, quote, and this is a case upholding a 666 conviction, quote, the gravamen of a bribery offense is a payment made to corruptly influence or reward an official act. That's 160 F third at 1020. To be sure the court didn't have in front of it in 1998, what are the constitutional bounds of official act? Judge Michael for the court uses the term official act at least 24 times. Why? The natural understanding of the quo in a federal bribery statute is that you need to show an official act. Ms. Ray says that six courts of appeals have ruled to the contrary. Not so. Let me start with Whiteberg. That was the subject of the 28 J, the government file last Friday. We responded on Monday in right bird. There was a bribe made in part to seek a promotion or transfer of one of the police officers. So Ms. Race seizes on that employment action. The person that the defendant wanted promoted or moved was the person to whom he was paying the bribes to grant gun license applications and to release arrestees from custody. That's a wholly different case than this case where it was. Ms. Walker says, I didn't know these people. There was no ask of me. I was not asked to do anything inappropriate. If you look at the other cases, your honor, every single one, if you end up employing a limiting instruction of official act of 666, it wouldn't disturb the outcome of any other court of appeals. They involve awarding contracts like Aang in the second circuit, Repack in the third, Porter in the sixth. Porter had a two sentence analysis saying we reject the notion of an official act element and said that those words aren't in the statute, but the same could be said of the honest services fraud statute as well. Henderson, the other case in the 28J was about not reporting someone with contraband so that they wouldn't have to face a disciplinary proceeding. This is the only case in the federal courts of appeals. May I finish? You may finish. Thank you. This is the only case in the 28J where a campaign contribution was given for a quo that did not seek an outcome on a matter seeking a decision and agency determination. For that reason, we urge you to reverse and return for a judgment of acquittal to be entered, but at a minimum, give this case to the jury on both and count two. Thank you, Your Honor. Thank you, Mr. Rubin, Ms. Rafe for your excellent presentations on these very difficult and important matters. We'd love to come down and shake your hand, but under the circumstances, it's for your benefit and ours that we don't. But nonetheless, we really appreciate you being here. We wish that you'll be safe and stay well. Thank you so much. We appreciate it. Thank you.
judges: Roger L. Gregory, Henry F. Floyd, William B. Traxler Jr.